

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Mark Branon,

Plaintiff,

vs.

Larry Debus, et al.,

Defendants.

No. 04-CV-1698-PHX-FJM

**ORDER**

The court has before it plaintiff's Notice of Motion and Motion to Determine Service on Estate of Thomas Thinnes (doc.42) and Thinnes Parties' Response and Motion to Strike Same (doc. 43); defendants Larry Debus and Debus, Kazan & Westerhausen Ltd.'s (Debus defendants) Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 49) and plaintiff's Response to Debus defendants' motion (doc. 58); defendant Robert Owens' Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 56) and plaintiff's Response to defendant Owens' motion (doc. 60); defendant Thomas A. Thinnes' Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 54), plaintiff's Response (doc. 62), plaintiff's Supplemental Authority (doc. 64), defendant Thinnes' Reply (doc. 65) and errata to the Reply (doc. 66); defendant Bruce Lowe's Motion for Judgment on the Pleadings and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (doc. 73), to which no response was timely filed, see L. R. CIV. 7.2 (c); plaintiff's Motion to Allow Late Compliance with Rule 26(a) Initial Disclosure (doc. 50) and defendant Owens'

Response (doc. 51); and defendant Owens' Motion to Extend Defendant's Expert Witness Disclosure Deadline (doc. 67), to which Debus defendants' join (filed as both doc. 68 and doc. 71), defendant Thinness joins (doc. 70), defendant Lowe joins (doc. 72), and to which no response was timely filed, see L. R. CIV. 7.2 (c).

**I.**

In 2000, Larry Debus and Thomas A. Thinnes, now deceased, were retained by plaintiff to defend him in a criminal case. At a 2002 hearing in the Maricopa County Superior Court, Judge O'Toole removed Debus and Thinnes as plaintiff's counsel, and entered an order prohibiting those in attendance from divulging what transpired at the hearing and sealing the transcript. Plaintiff now claims that, in relation to plaintiff's representation, Debus defendants and Thinnes committed legal malpractice, fraud, conversion, and civil rights violations. Plaintiff additionally claims that Robert Owens, an investigator working for Debus and Thinnes, committed fraud, conversion, and civil rights violations; and that Bruce Lowe, a police officer for the City of Glendale, Arizona, committed civil rights violations.

**II.**

Plaintiff requests a hearing to determine whether defendant Estate of Thomas Thinnes (Thinnes) and its Executor, Benjamin Thinnes, have been properly served with a federal summons and the original complaint in this case. Defendant Thinnes argues that the issue of service of process has already been fully briefed in the context of the Thinnes Parties' Motion to Dismiss (doc. 13), that this court has not indicated that an evidentiary hearing on this issue is necessary, and that such a hearing is not necessary. The Thinnes Parties' Motion to Dismiss (doc. 13) was denied without prejudice to refile in order to clarify the docket (doc. 47), but at the time plaintiff requested a hearing, the issue of service of process had been fully briefed in that motion to dismiss, the response, and the reply. The court is not required to grant a hearing when the relevant issues have been fully briefed. Fed. R. Civ. P. 78. Accordingly, we deny plaintiff's request for a hearing and grant defendant's motion to strike the same.

**III.**

Debus defendants move to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief can be granted in regard to plaintiff's claims for legal malpractice, civil rights violations, and conversion; and for the failure to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Owens and Thinnes join Debus defendants' motion to dismiss. Lowe separately filed a motion to dismiss plaintiff's claims for civil rights violations.

Although the complaint is unclear, it appears that plaintiff asserts a claim for legal malpractice against Debus defendants and Thinnes. In order to assert a claim for legal malpractice in a criminal context, a plaintiff must establish a favorable termination of the underlying criminal proceeding. Glaze v. Larsen, 207 Ariz. 26, 32, 83 P.3d 26, 32 (2004). Defendants argue that plaintiff waived his rights to trial and appeal, pled guilty, was convicted, and did not seek post-conviction relief. Plaintiff does not dispute this, although plaintiff does state that he intends to pursue state writs of habeas corpus. Since plaintiff failed to establish a favorable termination of the underlying criminal proceeding, defendants' motion to dismiss plaintiff's malpractice claims is granted without prejudice. Plaintiff may refile only upon a favorable termination of the underlying criminal proceeding.

Plaintiff claims, under 42 U.S.C. § 1983, that Debus defendants, Thinnes, Owens and Lowe deprived him of his constitutional right to assistance of counsel. This claim is based on the assertions that 1) defendant Owens, an investigator for defense attorneys Debus and Thinnes, conspired with defendant Lowe, a police officer for the City of Glendale, Arizona, for Lowe to obtain a tape of a conversation between Owens and plaintiff's wife, Shawna Branon; 2) that defendant Lowe knew that the statements made by Shawna Branon on the tape were false; 3) that a secret hearing took place before Judge O'Toole in which the defendants used this tape to obtain an order relieving Debus defendants and Thinnes from representation as plaintiff's counsel; and 4) that this involuntary deprivation of counsel violated plaintiffs Sixth and Fourteenth Amendment rights.

Plaintiff's claims are belied by a transcript of an April 1, 2005 hearing before Judge O'Toole, which plaintiff attached to his complaint. That transcript can properly be considered in the motion

to dismiss, and does not convert the motion into a motion for summary judgment, because the transcript was attached to the complaint. Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). Judge O'Toole stated that during the sealed hearing at issue, "there was no testimony," "[n]obody was placed under oath," and "nothing of any evidentiary nature was presented." Transcript at 21-24. Furthermore, Judge O'Toole specifically stated that the recorded telephone conversation did not come up and was not involved in the decision to relieve Debus and Thinnes. Id. at 12. Plaintiff fails to produce any evidence to suggest otherwise. Plaintiff therefore fails to adequately support his § 1983 claim and it is accordingly dismissed as to Debus defendants, Thinnes, Owens and Lowe.

Moreover, plaintiff's claims, under 42 U.S.C. § 1983, that Debus defendants, Thinnes, Owens and Lowe deprived him of his constitutional right to assistance of counsel, are dismissed based upon the alternative justification that plaintiff has failed to have his underlying criminal conviction reversed or declared invalid. To recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487-88, 114 S.Ct. 2364, 2372 (1994). The plaintiff's underlying criminal conviction has not been so disposed, therefore providing an alternate justification for the dismissal of plaintiff's § 1983 claims against Debus defendants, Thinnes, Owens and Lowe.

Moreover, plaintiff's claims, under 42 U.S.C. § 1983, that Debus defendants and Thinnes deprived him of his constitutional right to assistance of counsel, is dismissed based upon the alternative justification that plaintiff fails to plead any basis of state action. Plaintiff alleges that Debus defendants and Thinnes violated plaintiff's Sixth Amendment right to assistance of counsel, as made obligatory on the states by the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963). The prohibitions of the Fourteenth Amendment are directed to the states, and therefore can only be violated by a state actor. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 102 S. Ct. 2744 (1982). Plaintiff fails to posit any theory as to how Debus and Thinnes would be

considered state actors, and neither plaintiff nor defendant considered the issue of state action in the motion, response and reply. Plaintiff merely alleges that Debus defendants and Thinnes employed an investigator, who conspired with Lowe, a police officer and state actor, to have Debus and Thinnes removed as counsel. For all of the aforementioned reasons, plaintiff's § 1983 claims against Debus defendants and Thinnes are dismissed for failure to state a claim. The court finds it unnecessary to consider the issue of state action as to defendant Owens since the court has already provided two alternative determinations as to why plaintiff fails to state a claim upon which relief can be granted as to his § 1983 claim.

Plaintiff also alleges that Debus defendants, Thinnes, Owens and Lowe formed a conspiracy to violate plaintiff's rights in violation of 42 U.S.C. § 1985. Plaintiff fails to assert which subsection of the statute was violated. While this in itself subjects plaintiff's complaint to dismissal, the court will consider § 1985(3), conspiracy to deprive persons of equal protection, which is the most likely basis for plaintiff's claim. Subsection 3, however, requires race or class-based invidiously discriminatory animus, which plaintiff fails to allege. Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798 (1971). Plaintiff therefore fails to support his § 1985 claim and it is dismissed as to Debus defendants, Thinnes, Owens and Lowe.

Plaintiff also alleges that Debus defendants, Thinnes and Owens committed conversion by failing to return unused legal fees. Defendants argue that money can only be the subject of conversion if it "can be described, identified, or segregated, and an obligation to treat it in a specific manner is established," Case Corp. v. Gehrke, 208 Ariz. 140, 143, 91 P.3d 362, 365 (Ariz. Ct. App. 2004) (quoting Autoville, Inc. v. Friedman, 20 Ariz. App. 89, 92, 510 P.2d 400, 403 (1973)); and that a claim for conversion may not be maintained to collect a debt that could be satisfied by money generally. Autoville, 20 Ariz. App. at 92, 510 P.2d at 403. However, a claim for conversion can be grounded on the use of money that should be held in a client trust account, which by its nature must be segregated from the attorney's personal funds. See, e.g., In Re Davis, 129 Ariz. 1, 628 P.2d 38 (1981). Plaintiff alleges that he paid a $200,000 retainer for legal services to Debus and Thinnes in association with the underlying criminal matter, that Debus and Thinnes were removed as counsel by Judge O'Toole, and that Debus and Thinnes have not provided an accounting or a return on any

funds. Plaintiff sufficiently states a claim for conversion grounded on money that should be held in a client trust account, and accordingly, we deny defendants' motion to dismiss the conversion claim.

Plaintiff also alleges that Debus defendants, Thinnes and Owens committed fraud. Defendants argue that plaintiff fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure in regard to this allegation. The elements of fraud essentially include a false material representation, that the speaker knows is false, that is intended to induce reliance by the hearer, and that the hearer relies upon the representation to his detriment. Nielson v. Flashberg, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966). Rule 9(b) of the Federal Rules of Civil Procedure provides that all averments of fraud and the circumstances constituting fraud "shall be stated with particularity." The circumstances of the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) (quoting Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)). "The who, what, where, when, and how" of the alleged fraud must be set forth. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)).

Plaintiff fails to meet this standard. Plaintiff alleges 1) that Debus and Thinnes represented themselves as "top notch" Phoenix practitioners, 2) that Debus and Thinnes represented that Owens, their investigator, was a competent, professional criminal investigator, and 3) that Owens' license had been revoked and Owens had previously conveyed defense secrets to prosecutors. Plaintiff does not allege any statements by a specific defendant, nor the time and place of any such statement. Plaintiff fails to meet the standard of Rule 9(b) and his fraud claims are dismissed without prejudice.

**IV.**

Defendant Thinnes moves to dismiss all claims by plaintiff against defendant Thinnes for untimely service. Plaintiff filed this lawsuit on August 16, 2004. Plaintiff first attempted service within the 120 day window, by serving Mr. William Bennett, the attorney representing the personal

representative of the Estate in the state court probate action for the administration of the Estate's affairs. Mr. Bennett told the process server that he was not authorized to accept service and that Benjamin A. Thinnes (Personal Representative), the Personal Representative of the Estate was probably the appropriate representative for receipt of service. Affidavit of William F. Bennett, ¶¶ 6,7. Defendant filed a prior motion to dismiss (denied without prejudice for clarity of the docket) contesting the adequacy of the service of process and pointed out that the Personal Representative should have been served. Plaintiff did eventually serve the Personal Representative on July 5, 2005, 203 days after the deadline for effectuating service. Affidavit of Benjamin A. Thinnes, ¶ 16.

Plaintiff argues that the Thinnes Estate was "effectively served" because service was attempted on the law firm representing the executor. Additionally, plaintiff argues that he has demonstrated "good cause" under Rule 4(m) of the Federal Rules of Civil Procedure for an extension of time to complete service on the Personal Representative because plaintiff originally appeared *pro se*, because he was not aware that his first attempted service was improper, and because the Thinnes Estate "brought these problems" on itself.

Plaintiff, however, fails to demonstrate good cause. Plaintiff was warned by Judge Wake (October 27, 2004 Order) that service must be completed within 120 days of filing the complaint. Plaintiff did not even attempt service on defendant Thinnes until December 1, 2004, 107 days after filing the complaint. During that attempt, plaintiff's process server was expressly told by Mr. Bennett that he was not authorized to accept service. Plaintiff was therefore on notice that he had not yet effectively served defendant Thinnes. Defendant Thinnes' prior motion to dismiss contested service and again alerted plaintiff that service was incomplete. Counsel has represented plaintiff since March of 2005, yet plaintiff took no action to remedy service on defendant Thinnes until he filed a motion requesting a hearing on the issue in June 2005. Moreover, plaintiff never requested an extension of time to serve defendant Thinnes. Plaintiff failed to diligently pursue proper service on defendant Thinnes and has not demonstrated good cause for his failure. Accordingly, defendant Thinnes' Motion to Dismiss Plaintiff's Second Amended Complaint is granted. Even if we were to extend the deadline for service of process, plaintiff's claims against defendant Thinnes for violations

of 42 U.S.C. §§ 1983 and 1985, legal malpractice, and fraud would be dismissed for the reasons discussed above.

**V.**

Plaintiff seeks an order allowing late compliance with this court's Rule 16 scheduling order. Plaintiff claims he did not receive a copy of the order until a courtesy copy was faxed to him on June 30, 2005, and was therefore unable to comply with the July 1, 2005 deadline for initial disclosures. Defendant Owens responds and seeks an order allowing plaintiff and Owens until July 15, 2005, to exchange initial disclosure information. Without conceding that plaintiff did not receive a copy of the order until June of 2005, we grant plaintiff's motion for late compliance and require that all initial disclosures shall have been made by July 15, 2005. All other deadlines in the Rule 16 scheduling order remain in effect.

**VI.**

Defendants Owens, Thinnes, Lowe and Debus defendants request that the court extend the deadline to disclose expert witnesses. Defendants, however, fail to show good cause for an extension, and the motions are accordingly denied.

**VII.**

Plaintiff asserts that this court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1343. This order dismisses all of the plaintiff's federal law claims, and accordingly, 28 U.S.C. § 1332 is the sole remaining basis for jurisdiction over the remaining state law claims. We are concerned, however, that the plaintiff's current incarceration in the State of Arizona may affect his citizenship, and accordingly, may defeat diversity jurisdiction. Accordingly, we request that the parties brief the issue as to whether this court has jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1332.

**IT IS ORDERED DENYING** Plaintiff's Motion to Determine Service on Estate of Thomas Thinnes (doc.42); and **GRANTING** Thinnes Parties' Motion to Strike Same (doc. 43).

**IT IS FURTHER ORDERED GRANTING IN PART** the Debus defendants' Motion to Dismiss with respect to plaintiff's 42 U.S.C. §§ 1983 and 1985 claims, legal malpractice claims,

and fraud claims; and **DENYING IN PART** with respect to plaintiff's conversion claims (doc. 49).

**IT IS FURTHER ORDERED GRANTING IN PART** defendant Owens' Motion to Dismiss with respect to plaintiff's 42 U.S.C. §§ 1983 and 1985 claims and fraud claims; and **DENYING IN PART** with respect to plaintiff's conversion claims (doc. 56).

**IT IS FURTHER ORDERED GRANTING** defendant Estate of Thomas A. Thinnes' Motion to Dismiss (doc. 54).

**IT IS FURTHER ORDERED GRANTING** defendant Lowe's Motion for Judgment on the Pleadings and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (doc. 73).

**IT IS FURTHER ORDERED GRANTING** plaintiff's Motion to Allow Late Compliance (doc. 50).

**IT IS FURTHER ORDERED DENYING** defendant Owens Motion to Extend Defendant's Expert Witness Disclosure Deadline (doc. 67).

The parties shall have to and including October 21, 2005 within which to file Memoranda on the issue of remaining diversity jurisdiction.

DATED this 6th day of October, 2005.

Frederick J. Martone

Frederick J. Martone
United States District Judge