**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Branon, | ) No. 04-CV-1698-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Larry Debus, et al., | ) |
| Defendants. | ) |

**I**

Pursuant to our order docketed October 11, 2005 (doc. 74), all claims were dismissed as to defendant Estate of Thomas A. Thinnes and defendant Bruce Lowe; the 42 U.S.C. §§ 1983 and 1985, and fraud claims were dismissed as to defendant Robert Owens; and the §§ 1983 and 1985, legal malpractice, and fraud claims were dismissed as to defendants Larry Debus and Debus, Kazan & Westerhausen Ltd. ("Debus Defendants"). The conversion claims against Debus Defendants and defendant Owens remain, and 28 U.S.C. § 1332 is the sole remaining basis for jurisdiction. Accordingly, we requested the parties to brief the issue of whether diversity of citizenship exists. Order at 8 (doc. 74). We therefore have before us Debus Defendants' Motion to Dismiss (doc. 75) and defendant Owens' joinder thereto (doc. 76), plaintiff's Response (doc. 79), defendant Owens' Reply (doc. 82), Debus Defendants'

Reply (doc. 84), and plaintiff's Further Response (doc. 86).[1]  We also have before us plaintiff's Motion to Extend Time to Fully Oppose the Motions to Dismiss (doc. 80) and defendant Owens' Response (doc. 83); and defendant Estate of Thomas A. Thinnes' unopposed Motion for an Order Authorizing Entry of Final Judgment Against the Estate (doc. 77) and Defendant Lowe's joinder thereto (doc. 78).

## II

Debus Defendants filed their motion to dismiss for lack of subject matter jurisdiction on October 21, 2005.  Therefore, plaintiff had until November 23, 2005, which includes the 30 day response period and the 3 day mailing period, to file a response.  LRCiv 7.2(c), 12.1, 56.1.  Plaintiff and defendants appear to have mistakenly relied upon the shorter response period of LRCiv 7.2(c).  Accordingly, plaintiff's declaration filed November 21, 2005 was timely filed.  We therefore deny as moot plaintiff's motion for a time extension (doc. 80).

## III

Plaintiff asserts that we have diversity jurisdiction because the matter in controversy exceeds $75,000 and it is between citizens of different states.  28 U.S.C. § 1332; Second Amended Complaint at 12.  To show state citizenship for diversity purposes, a person must be a citizen of the United States and be domiciled in that state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  The diversity is required at the time the lawsuit is filed.  Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). The party asserting diversity bears the burden of proof.  Id. at 749.  On a challenge to allegations of jurisdictional facts, that party must support those allegations by competent proof.  15 James Wm. Moore et al., Moore's Federal Practice § 102.14 (3d ed. 2005).

---

[1] We consider plaintiff's Further Response to Debus Defendants' Reply to the extent that it responds to the exhibits that were newly introduced in Debus Defendants' Reply.

1    Plaintiff asserts that he is a citizen of the state of California.  From this, we infer that

2    plaintiff believes himself to be a citizen of the Untied States, but plaintiff fails to assert

3    United States citizenship directly.  Plaintiff sets forth declarations by plaintiff's attorney,

4    Roger Hanson, a letter from plaintiff's mother, Dolores Branon, and a declaration by plaintiff,

5    all of which essentially state that plaintiff moved to California with his family when his

6    father was transferred there with the United States Navy; that  plaintiff attended high school

7    in California; that plaintiff lived in California except for the periods in which he lived in

8    Mexico and Arizona; that plaintiff lived in California when he was arrested; and that plaintiff

9    has since been incarcerated in Arizona and California.  Response to Motions to Dismiss at

10   3-6, Response to Motions to Dismiss, Exhibit 1; Declaration of Mark David Branon at 1.

11   Defendants argue that plaintiff is domiciled in Arizona, and that plaintiff has not

12   satisfied his burden of proving that plaintiff is domiciled in California.  Motion to Dismiss

13   at 1-2; Joinder at 2. Defendants also submit evidence that plaintiff's spouse, Shawna Branon,

14   who recently petitioned for dissolution of the marriage, owns a home in Arizona.  Debus

15   Defendants' Reply, Exhibit 1.  Shawna Branon declared this property to be community

16   property, but purchased it in her own name.  Id.; Plaintiff's Further Response, Exhibit 2.

17   Plaintiff had from October 11, 2005, when we asked parties to brief the jurisdictional

18   issue, until November 23, 2005, when plaintiff's response was due, to gather  evidence to

19   prove the jurisdictional facts.  Plaintiff fails to submit any evidence–such as a drivers license,

20   voter registration card, utility bills, or tax returns–to corroborate plaintiff's self-serving

21   declarations and failed to timely request an extension of time to gather and submit this

22   evidence.  Moreover, declarations submitted by plaintiff suggest that plaintiff has resided in

23   California, Arizona, and Mexico at various times prior to the filing of this action, and even

24   state that defendant had been "occupying domiciles from time to time in Arizona." Response

25   to Motions to Dismiss at 4.  Accordingly, while it is possible that defendant was a citizen of

26   California at the time of the filing of this action, we conclude that plaintiff failed to prove the

27   requisite jurisdictional facts, and therefore we dismiss this action for lack of subject matter

28

jurisdiction (docs. 75, 76).[2]   Plaintiffs' incarceration in Arizona had no effect on this determination.[3]

## IV

**IT IS ORDERED GRANTING** Debus Defendants' Motion to Dismiss for lack of subject matter jurisdiction (doc. 75).

**IT IS FURTHER ORDERED GRANTING** Robert Owens' Motion to Dismiss for lack of subject matter jurisdiction (doc. 76).

**IT IS FURTHER ORDERED DENYING** as moot defendant Estate of Thomas A. Thinnes' Motion for an Order Authorizing Entry of Final Judgment (doc. 77).

**IT IS FURTHER ORDERED DENYING** as moot defendant Bruce Lowe's Motion for an Order Authorizing Entry of Final Judgment (doc. 78).

**IT IS FURTHER ORDERED DENYING** as moot plaintiffs' motion for an extension of time (doc. 80).

All matters having been decided, the clerk is directed to enter final judgment.

DATED this 19th day of January, 2006.

*Frederick J. Martone*

Frederick J. Martone
United States District Judge

---

[2] Due to the early stage of this litigation, and because we have dismissed all federal claims, we decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3).  State court is the appropriate forum for those claims.

[3] Plaintiff failed to establish his California citizenship, and therefore we need not consider the effect that plaintiffs' incarceration in Arizona would have on that citizenship. However, we agree that a prisoner's incarceration in a different state does not, without the requisite intent to remain, alter his citizenship.  See, e.g., Singletary v. Cont'l Illinois Nat'l Bank and Trust Co. of Chicago, 9 F.3d 1236, 1238 (7th Cir. 1993); Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977).